Common Pleas Court of Franklin County.

WILLIAM H. ENGLISH v. NORFOLK & WESTERN RAILWAY CO.*

Decided, December 16, 1918.

*Appropriation—When Costs and Expenses of Defendant Land Owners Must be Paid by the Plaintiff Company.*

1. The provision of Section 11060, that in case of abandonment by a railway company of an appropriation proceeding the amount of the defendants' costs, expenses and attorney's fees shall be paid into court, has reference to cases in which an abandonment of the proceedings has been voluntary on the part of the company.
2. Where the finding of the court in its entry of dismissal of such a proceeding is to the effect that the plaintiff company contends it requires for the purpose of its railroad more of the real estate belonging to the defendants than is described in the petition, a purpose is manifested on the part of the company to abandon the proceeding without prejudice, and the character of the dismissal is not changed by failure of the company to obtain the benefit of an amended petition.

*Smith W. Bennett* and *Barton Griffith,* on behalf of plaintiff. *Bannon & Bannon,* and *Booth, Keating, Pomerene & Boulger,* contra.

KINKEAD, J.

The original proceeding was one in the probate court in condemnation. On July 12, 1918, the same was dismissed on motion without prejudice at the costs of the plaintiff, the railway company.

July 23, 1918, the English heirs filed a motion under Section 11060 to hear and determine the amount of their costs, expenses and attorneys' fees incurred in the proceedings. The court held that the heirs were not entitled to such relief. Error is prosecuted from this order.

*Affirmed by Court of Appeals.

The right of property owners to an allowance for costs, expenses and attorneys' fees under Section 11060 seems to depend upon the nature of the abandonment by the railway Company. The statute reads:

"The corporation may abandon any case or proceeding after paying into court the amount of the defendant's costs, expenses and attorneys' fees, as found by the court."

This provision also authorizes the court to enter judgment for the amount of costs, expenses and attorney fees incurred.

The controversy presented by the record is whether the abandonment by the railway company must be voluntary in order to give rise to the right of property owners to demand such payment.

The railway company contends that it must, and that if it was involuntarily compelled to abandon the proceeding, it can not be made to pay.

The property owners also make the claim that the company may be required to pay even when there has been a compulsory abandonment. *Railway* v. *Warehouse Co.*, 53 W. L. Bull., 13 (Warner, J., Hamilton County Court of Insolvency), is cited. That was a case of an abandonment by reason of an adverse ruling of the Supreme Court which rendered it impracticable to use the property if appropriated. In effect, however, that seems to have been a voluntary abandonment.

It seems clear that the statute contemplates a voluntary act of dismissal of the proceeding. The purpose is to require the public service corporation to reimburse property owners for costs and expenses incurred in the conduct of the proceeding where it is voluntarily discontinued. The requirements of Section 11060 contemplate that the company shall pay such obligations, both where the proceeding passes to final judgment, as well as when it shall end by voluntary discontinuance. The condition upon which it may be dismissed is that the plaintiff shall pay the costs and expenses.

The entry of dismissal recites that the cause first came on to be heard upon the motion of the defendants to dismiss the pro-

ceeding. Thereupon plaintiff asked leave to refile the amended petition from the files which was denied. Thereupon plaintiff asked that the case be set down for hearing upon the petition.

Then the entry provides:

"And it appearing to the court that the plaintiff contends that it requires from the defendants  *  *  *  for the purposes of its railroad real estate in addition to that described in the petition, this proceeding is hereby ·dismissed without prejudice and without record at the costs of the plaintiff."

There is here · clearly manifest a purpose on the part of the railway company to voluntarily abandon this proceeding, in which it had been deprived of an amended petition, so that it could "without prejudice" if it chose to do so, commence a new proceeding. The incident of losing the benefit of an amended petition can not be so considered as to change the character of the act of dismissal.

The entry of the judgment effected a virtual abandonment of the *case* and *proceeding,* and the property owners were entitled as a condition of such dismissal without prejudice to an order and judgment for costs, expenses and attorneys' fees.

Judgment reversed.